IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
JUN 20 1997
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

K & K LTD., Incorporated )
a corporation, )
 )
    Plaintiff )
 )
v. )   CV NO. 96-HM-2093-NW
 )
ELITE AUTOS, INC.; )
JACK GOGGANS, individually, )
and as agent for Elite Autos; )
JOSEPH C. LETT, individually )
and as agent for Elite Autos; )
and PARKER'S USED CARS, INC., )
 )
    Defendants )

ENTERED
JUN 23 1997

### MEMORANDUM OPINION

The above-entitled civil action is currently before this Court on the Rule 12(b)(6), Fed. R. Civ. P., Motion to Dismiss filed by Defendant Parker's Used Cars, Inc. on December 23, 1996 and the Rule 12(b)(6), Fed. R. Civ. P., Motion to Dismiss filed jointly by Defendants Elite Autos, Inc., Jack Goggans, and Joseph Lett on December 26, 1996 and incorporated in their joint Answer to Plaintiff's First Amended Complaint. For the reasons stated hereinafter, this Court finds that both such Motions are due to be granted.

FACTUAL AND PROCEDURAL BACKGROUND

Under date of August 12, 1996 corporate Plaintiff K & K Ltd, Inc. filed its original complaint against Defendants Elite Autos, Inc., Parker's Used Cars, Inc., both corporations, and Jack Goggans and Joseph Lett, both individuals and both alleged agents of corporate Defendant Elite Autos, Inc. This Court's jurisdiction was invoked pursuant to 28 U.S.C. § 1331 [federal question].

Plaintiff's original complaint attempted to stated one federal claim for relief against Defendants Elite Autos, Inc., Parker's Used Cars, Inc. and Lett under the federal Motor Vehicle Information and Cost Savings Act [hereinafter "the Act"], now codified at 49 U.S.C. §§ 32701-11 and one supplemental state law claim for misrepresentation against Defendant Goggans only. However, Plaintiff's original complaint framed the federal claim under an earlier enactment and codification of the act, 15 U.S.C. § 1981 et seq., which has since been repealed and recodified. Given this error, this Court dismissed the original complaint and granted Plaintiff time certain in which to file an First Amended Complaint herein.

Plaintiff's First Amended Complaint was timely filed on November 27, 1996 and again purportedly stated a federal claim for relief under the Act as properly and currently codified against Defendants Parker's Used Cars, Inc., Elite Autos, Inc. and Lett and an Alabama state law claim[1] for fraudulent misrepresentation, apparently against Defendant Goggans only. However, in Plaintiff's common prayer for relief, Plaintiff seeks compensatory and punitive damages from both Defendant Elite Autos, Inc. and Defendant Goggans for their fraudulent misrepresentations.[2]

---

[1]Plaintiff's First Amended Complaint is totally silent with respect to this Court's jurisdiction over any supplemental state law claims for relief.

[2]The common prayer for relief in Plaintiff's First Amended Complaint contains the following prayer:
> 3. That the plaintiff be awarded compensatory and punitive damages for the fraudulent misrepresentation of the defendant, Elite Autos, Inc.

This prayer indicates a belief on the part of Plaintiff that it has

Plaintiff alleges the facts underlying its claims as follows. On or about May 12, 1995 Defendant Elite Autos, Inc. sold corporate Plaintiff K & K a 1991 model Mercedes 560 S.E.L., vehicle identification number WDBCA39E3MA604215. Defendant Elite Autos, Inc., acting through its agent Defendant Lett, allegedly represented to Plaintiff K & K on the bill of sale that the vehicle had actual mileage of 60,888 miles. Moreover, Defendant Goggans, an agent or employee of Defendant Elite Autos, Inc., allegedly verbally represented to Plaintiff that the vehicle had actual mileage of 60,888. Plaintiff subsequently learned that the vehicle had been titled as not having actual mileage due to the fact that the speedometer and odometer had been removed prior to the sale by Defendant Elite Autos, Inc. to Plaintiff. Plaintiff also later learned that on the date of sale, May 12, 1995, Defendant Elite Autos, Inc. did not have title to the vehicle they purported to convey to Plaintiff K & K on that date. In point of fact, on May 12, 1995 title to the vehicle was in the name of Defendant Parker's Used Cars, Inc.

## DISCUSSION

This Court must begin its analysis with an evaluation of its jurisdiction over this civil action. Clearly federal question jurisdiction exists over Plaintiff's federal claim for relief asserted pursuant to the Act against Defendants Elite Autos, Inc.,

---

asserted an Alabama state law claim for relief against Defendant Elite Autos, Inc. This Court, however, can find no such claim in the body of Plaintiff's First Amended Complaint.

3

Parker's Used Cars, Inc. and Lett[3]. See 28 U.S.C. § 1331; 49 U.S.C. § 32710. However, federal jurisdiction is not automatic over any state law claim or claims for relief asserted against any of the defendants herein by Plaintiff K & K. Plaintiff's complaint is totally silent as to how this Court has jurisdiction over such purely state law claims for relief. Rule 8(a) of the Federal Rules of Civil Procedure provides that:

> [a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends.

This Court finds that Plaintiff has failed to comply with this rule with respect to any state law claims attempted to be asserted by Plaintiff in its First Amended Complaint. Without benefit of any allegations by Plaintiff regarding this Court's jurisdiction over these state law claims, this Court cannot intelligently analyze its jurisdiction over those claims. Counsel of record for Plaintiff is DIRECTED to include these jurisdictional allegations in all future pleadings to this Court. In the event Plaintiff fails to include these jurisdictional allegations, this Court will be forced to dismiss such claims for lack of subject matter jurisdiction.

Defendants, in support of their Motions to Dismiss, primarily[4]

---

[3]This Court is skeptical that any future claims by Plaintiff against individual Defendant Lett under the federal Act will survive any future Rule 12(b)(6) Motions. Liability under the federal Act appears to be only on the transferor rather than his individual agents. See United States v. Powell, 806 F.2d 1421 (9th Cir. 1986); McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226 (1st Cir. 1980); Duval v. Midwest Auto City, Inc., 578 F.2d 721 (8th Cir. 1978)(all cases construing predecessor statute).

[4]Defendant Parker's Used Cars, Inc. also argues that it cannot be held liable for any disclosure Plaintiff's immediate transferor,

4

argue that with respect to the Plaintiff's federal claim for relief under the Act, Plaintiff is required to allege that the actual mileage on the car's odometer was inaccurate at the time of the sale by Defendant Elite Autos, Inc to Plaintiff K & K. Plaintiff's failure (1) to specify which allegations of fact support which claims for relief and (2) to clarify which claims for relief are asserted against which Defendants and in what capacities in its First Amended Complaint have made it impossible for this Court to determine whether Defendants' Motions to Dismiss are due to be granted on the merits.

Rule 8(a) of the Federal Rules of Civil Procedure further directs that each pleading containing a claim for relief contain a "short and plain statement of the claim showing the pleader is entitled to relief." Moreover, the Eleventh Circuit has recently addressed the issue of the clarity required in pleadings in the federal district courts in this circuit in its decision in the case of *Anderson v. District Bd. of Trustees*, 77 F.3d 364 (11th Cir. 1996). In that case, the Eleventh Circuit warned the members of the federal bar in this circuit against "shotgun" pleading, where the complaint is so lacking in factual clarity and relevant detail that the recipient of the pleading cannot determine "which

---

Elite Autos, Inc., may have made. It appears to this Court, without expressly so holding at this point, that there is no privity requirement under the federal Act. Apparently any person in the chain of title who has violated the Act is liable. *See Rice v. Gustavel*, 891 F.2d 594 (6th Cir. 1989); *Ralbovsky v. Lamphere*, 731 F. Supp. 79 (N.D.N.Y. 1990); *Alldridge v. Billips*, 656 F. Supp. 975 (W.D. Va. 1987); *Byrne v. Autohaus on Edens, Inc.*, 488 F. Supp. 276 (N.D. Ill. 1980)(all construing predecessor statute).

5

allegations of fact are intended to support which claim(s) for relief." *Anderson,* 77 F.3d at 366. The court also held that:

> Where . . . the plaintiff asserts multiple claims for relief, [a properly drawn complaint] will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming . . . .

Counsel of record for Plaintiff is DIRECTED to read and thoroughly familiarize himself with the *Anderson* case and its holdings.

This Court finds that in the First Amended Complaint in this civil action, exactly like the complaint in *Anderson,* the allegations of fact and law supporting the federal claim for relief are so entangled with other allegations under state law and against other party defendants that this Court cannot rule one way or the other with any degree of certainty on the substance of Defendants' Motions to Dismiss. However, this Court will nevertheless grant Defendants' respective 12(b)(6) Motions and will dismiss Plaintiff's First Amended Complaint as to each and every sued defendant on the basis of the pleading errors and deficiencies therein. Plaintiff will be granted a reasonable time certain to file its Second Amended Complaint. Plaintiff's Second Amended Complaint should carefully separate all allegations of fact and law supporting the federal claim for relief from the allegations of fact and law supporting any state law claims for relief. Furthermore, Plaintiff should identify with clarity the Defendants against whom each and every claim for relief is being asserted and the capacity in which Defendant was acting (e.g., individual or agency).

## CONCLUSION

For the foregoing reasons, this Court finds that the Rule 12(b)(6) Motions to Dismiss are due to be granted and that Plaintiff's First Amended Complaint is due to be dismissed without prejudice. Plaintiff will be granted fifteen consecutive, calendar days in which to file its Second Amended Complaint. An appropriate Order in conformity with this Memorandum Opinion is contemporaneously entered.

DONE this 20th day of June, 1997.

_____
E.B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

**FLORENCE, ALABAMA ADDRESS**:

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL 35630
Telephone: (205) 760-8415