IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

K & K, LTD., INC.,

    PLAINTIFF,

v.                                              CASE NO.: CV-96-J-2093-NW

ELITE AUTOS, INC., and
PARKER'S USED CARS, INC.,

    DEFENDANTS.

## MEMORANDUM OPINION

Defendants' joint motion to set aside order enforcing settlement agreement (doc. 56) was considered by the court at its May 11, 1999 motion docket at which time the court heard oral argument on said motion. The court having considered said motion and argument, the court finds as follows:

### Procedural History

On August 12, 1996, the plaintiff filed a complaint alleging violations of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1988 and 1989. The plaintiff alleged that defendant Elite Autos had purchased a 1991 model Mercedes 560 S.E.L. from defendant Parker. Defendant Elite then sold this same car to plaintiff on or about May 12, 1995. At the time of the 1995 sale, Elite stated that the actual milage on the vehicle was 60,888 when in fact the vehicle was titled as not having actual mileage due to the speedometer having been previously removed. The plaintiff further alleged that Elite did not actually own the vehicle at the time plaintiff purchased it from Elite.

58

Due to numerous procedural defects, the complaint was dismissed by the court without prejudice. An amended complaint was filed by the plaintiff on November 27, 1996, alleging violations of 49 U.S.C. §§ 32705 and 32710 based upon the above statement of events. The plaintiff further alleged that due to Elite not owning the vehicle at the time plaintiff purchased it from Elite, Elite was acting as an agent for Parker.

The court again dismissed the plaintiff's complaint due to pleading errors and deficiencies. The plaintiff filed a second amended complaint on July 8, 1997, again alleging the above statement of events. The case was then reassigned to another judge, who denied the defendant's motions for summary judgment in July, 1998.

This case was then transferred to the undersigned judge and the case was set for trial on February 22, 1999. The parties informed this court before the trial date that they had amicably settled the case. The court therefore entered an Order of Dismissal, without prejudice (doc. 53). The parties were ordered to submit a stipulation of dismissal when the proper settlement documents had been executed. The plaintiff then filed a motion to reinstate the case in order to enforce the settlement agreement reached by the parties (doc. 54).

The plaintiff's motion to reinstate alleged that the defendants did not request an inspection of the vehicle as a contingency to the settlement, however, sometime after the defendant received possession of the car, the plaintiff was notified by the defendant that the condition of the car was not acceptable, and hence, no money was forthcoming to the

2

plaintiff. The court thereafter, on April 12, 1999, ordered the parties to abide by the terms of the settlement agreement (doc. 55).

The defendants then filed their joint motion to set aside this court's order of April 12, 1999 (doc. 56). This motion was heard at the court's May 11, 1999 motion docket.

## Legal Analysis

The defendants argue that once the case was dismissed, this court no longer retained jurisdiction with which to enforce the parties' settlement agreement. The Eleventh Circuit has stated that a court retains jurisdiction to enforce a settlement agreement if the court either does not dismiss the case, or if the court specifically incorporates a settlement agreement into its order of dismissal. *Kent v. Baker*, 815 F.2d 1395, 1399-1400 (11th Cir.1987). However, the court in *Kent* specifically stated that it was not addressing the reopening of a case to enforce a settlement agreement. *Kent*, 815 F.2d at 1400, n. 4.

In *McCall-Bey v. Frazen*, 777 F.2d 1178 (7th Cir.1985), the Seventh Circuit examined a similar question. That court discussed dismissals under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2), F.R.C.P. states that such a dismissal is "upon such terms and conditions as the court deems proper." The court found that "neither the history nor the language of the rule suggests that it empowers the judge to order specific performance." *McCall-Bey*, 777 F.2d at 1185. The conclusion from *McCall-Bey* is that a violation of a settlement agreement is a breach of contract, remediable under state law.

3

Finally, in *Kokkonen v. Guardian Life,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d. 391 (1994), the Supreme Court emphasized that federal courts are courts of limited jurisdiction. In that case, a settlement agreement was read into the record, reciting each of its terms, and the parties then stipulated to an order of dismissal with prejudice. The Court stated that reopening the underlying suit because of a breach of the settlement agreement is possible under Rule 60(b)(6), F.R.C.P., but recognized that the Circuit Courts were split on this issue. The Court wrote that "Enforcement of the settlement agreement ... is more that just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378, 114 S.Ct. at 1675-1676. The Court explains that the facts underlying the dismissed claim and those underlying the claim for breach of the settlement agreement have nothing in common, hence no ancillary jurisdiction exists. *Kokkenen,* 511 U.S. at 379, 114 S.Ct. at 1676. To retain jurisdiction for purposes of enforcement of a settlement, the court must expressly state that it is retaining such jurisdiction or incorporate the terms of the settlement agreement in its order of dismissal. *Kokkenen,* 511 U.S. at 381-82, 114 S.Ct. at 1677. The logic of the Supreme Court is based on the fact that the breach of a settlement agreement is a contract action, which is within the realm of state court jurisdiction. *Kokkonen,* 114 S.Ct. at 1677, 511 U.S. at 379.

Admittedly, the court here neither expressly retained jurisdiction, nor incorporated the terms of the parties settlement agreement into the order of dismissal. However, unlike the above-referenced cases, the court here dismissed this matter without prejudice. The court

4

having considered the arguments of the parties, the motion pending before this court, and this court's order of April 12, 1999, the court **ORDERS** as follows:

The court being of the opinion that the defendants' joint motion to set aside order enforcing settlement agreement is due to be granted (doc. 56), the court **ORDERS** that said motion be and hereby is **GRANTED.**

It is further **ORDERED** by the court that the order of April 12, 1999 having been set aside, and apparently no amicable settlement having been reached by the parties, the Order of Dismissal without prejudice (doc. 53) of February 22, 1999 be and hereby is **WITHDRAWN**. This case is **REINSTATED**.

It is further **ORDERED** by the court that this case is set for jury trial on the 22nd day of June, 1999 at 9:00 a.m., in Birmingham, Alabama.

**DONE** and **ORDERED** this the ___11___ day of May, 1999.

                                                              _____
                                                              UNITED STATES DISTRICT JUDGE
                                                              INGE P. JOHNSON

SCANNED
MAY 1 1 1999
BY